# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 10, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**FRANKLIN P. BAILEY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0116** (BOR Appeal No. 2047628)
                    (Claim No. 2011023139)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Franklin P. Bailey, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 9, 2013, in which the Board affirmed a September 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 4, 2011, decision granting Mr. Bailey an additional 5% permanent partial disability award related to occupational pneumoconiosis. The Office of Judges determined that Mr. Bailey had been fully compensated for his disability related to occupational pneumoconiosis by a 15% award granted in a prior claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey worked as a miner for United Coal Company. During the course of his employment, he was frequently exposed to the hazards of breathing minute particles of coal dust, and he developed occupational pneumoconiosis as a result of that exposure. On April 23, 2002, the claims administrator granted Mr. Bailey a 15% permanent partial disability award based on his exposure. Several years later, Mr. Bailey filed another claim for workers' compensation

1

benefits based on occupational pneumoconiosis. His claim was held compensable, and the Occupational Pneumoconiosis Board concluded that he had 20% impairment related to occupational pneumoconiosis. The Board based this determination on a diffusion study in which Mr. Bailey's DL/VA results were at 60% of the predicted normal output. On November 4, 2011, the claims administrator granted Mr. Bailey an additional 5% permanent partial disability award above the 15% award he had received under his prior claim. The Occupational Lung Center then performed a diffusion study in which Mr. Bailey's DL/VA results were at 69% of predicted normal output. The Occupational Pneumoconiosis Board then testified in a hearing before the Office of Judges. In the hearing, the Board amended its previous finding based on the diffusion study of the Occupational Lung Center. The Board held that this study was a better representation of Mr. Bailey's impairment from occupational pneumoconiosis because this study had a comparably higher flow volume than the earlier study. The Board testified that the results of this study were equivalent to a 10% whole person impairment rating. The Board concluded that Mr. Bailey had no more than 15% whole person impairment related to occupational pneumoconiosis. On September 13, 2012, the Office of Judges reversed the claims administrator's decision and granted Mr. Bailey no additional permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on January 9, 2013, leading Mr. Bailey to appeal.

The Office of Judges concluded that Mr. Bailey had been fully compensated by the prior 15% permanent partial disability award for the disability resulting from occupational pneumoconiosis. The Office of Judges further concluded that any payment of permanent partial disability award made pursuant to the claims administrator's November 4, 2011, decision should be designated as an overpayment. The Office of Judges based its determination on the testimony of the Occupational Pneumoconiosis Board. The Office of Judges noted that the Occupational Lung Center diffusion test was the most reliable indicator of Mr. Bailey's pulmonary impairment because it had produced greater flow volumes than the earlier diffusion study. The Office of Judges found that this study showed that Mr. Bailey was not entitled to any greater than a 15% permanent partial disability award for his occupational pneumoconiosis. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Bailey had not demonstrated that he has any greater than 15% whole person impairment related to occupational pneumoconiosis. He has already received a 15% permanent partial disability award under a prior claim and therefore, has been fully compensated by this prior award. The diffusion study performed by the Occupational Lung Center is the most reliable indicator of Mr. Bailey's pulmonary impairment, and both the Occupational Pneumoconiosis Board and the Office of Judges properly relied on this study.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II